IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE BUSINESS BANK OF ST. LOUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12 CV 2088 RWS |
| | ) | |
| FIRST-CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff The Business Bank of St. Louis (Business Bank) had an interest in a loan made by a Colorado bank. The Colorado bank became insolvent and Defendant First-Citizens Bank & Trust Company (First-Citizens) assumed many of the bank's assets and liabilities. The threshold issue in this lawsuit is whether First-Citizens purchased the loan and thereby assumed the liability of the Colorado bank's obligations to Business Bank regarding the loan. First-Citizens has moved for summary judgment.[1] Because I find, as a matter of law, that First-Citizens did not purchase the loan I will grant its motion for summary judgment.

*Background*

In January 2007, Colorado Capital Bank (CCB) made a loan to Blue Ridge Investments, Ltd. in the amount of $23,215,974 to acquire land and build townhouses in El Jebel, Colorado. The bank's loan number was 1160403 (the 403 Note). The 403 Note was secured by a deed of trust. On February 20, 2008, Business Bank acquired a participation interest in the 403 Note in the amount of $6,000,000. On July 8, 2011, CCB was closed by the Colorado Division of

---

[1] First Citizens filed a motion to dismiss which, after notice to the parties, I have construed as a motion for a summary judgment under Fed.R.Civ.P. 12(d).

Banking. The Federal Deposit Insurance Corporation was appointed receiver (FDIC-R). As of July 8, 2011, Business Bank held 100% participation interest of the 403 Note.[2]

On July 8, 2011, First-Citizens entered into a Purchase & Assumption Agreement (P&A Agreement) with the FDIC-R whereby it acquired most of the assets and assumed most liabilities of CCB. The initial schedule of assets transferred to First-Citizens (Schedule 4.15B) was part of the P&A Agreement and listed Note 403 as being transferred to First-Citizens. On August 8, 2011, an attorney-in-fact for FDIC-R executed an allonge assigning the interest in the 403 Note to First-Citizens and executed an assignment of the deed of trust associated with the 403 Note in favor of First-Citizens.

On January 9, 2012, Business Bank filed a lawsuit against the FDIC-R in the United States District Court for the District of Colorado which asserted claims regarding the 403 Note.[3] After this litigation was filed the FDIC-R and First-Citizens conferred in the spring of 2012 and agreed that the 403 Note was not an asset that was intended to purchased by First-Citizens under the P&A Agreement. The FDIC-R and First-Citizens agree that the listing of the 403 Note on the Schedule 4.15B and the execution of the allonge were in error and the result of a mutual mistake. Neither the FDIC-R nor First-Citizens intended the 403 Note to be part of the assets purchased by First-Citizens. The 403 Note was subsequently removed in an amended Schedule 4.15B dated November 13, 2012. On December 11, 2012, the FDIC-R and First-Citizens executed an allonge and assignment of the deed of trust transferring the 403 Note back to FDIC-R. The both of these

---

[2] The only evidence before the Court establishes this fact. [Doc. # 8, Ex. A ¶ 7]

[3] The Colorado District Court case number is 1:12 CV 50 WYD. That case is now closed. A review of that court's case file indicates that Business Bank received a one million dollar receiver's certificate from the FDIC-R over claims regarding the 403 Note.

documents contain a statement that the 403 Note had been assigned to First-Citizens in error. On September 4, 2013, an assignment of a deed of trust was reexecuted and the document was recorded with the recorder of deeds of Eagle County, Colorado.[4]

On November 8, 2012, Business Bank filed the present lawsuit seeking the remedies it had against the CCB under the 403 Note from First-Citizens.

*Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

---

[4] The assignment of the deed of trust was reexecuted to correct the name of the county where the deed needed to be recorded.

*Discussion*

The viability of Business Bank's claims turn on the question of whether First-Citizens purchased the 403 Note from the FDIC-R. After the collapse of CCB, First-Citizens acquired most of CCB's assets from the FDIC-R. Among the thousands of assets purchased by First-Citizens, the 403 Note was listed in Schedule 4.15B. The 403 Note had no value to CCB because Business Bank held 100% participation in the loan. Moreover, the record indicates that the 403 Note was in default, there was no collateral left to secure any part of the note, and ownership of the note came with a potential multi-million dollar liability to Business Bank based on its participation agreement with CCB. First-Citizens has presented evidence that it never intended to purchase this loan because it was not an asset. When Business Bank sued the FDIC-R over its claims involving the 403 Note it came to light that the 403 Note had been transferred to First-Citizens. The FDIC-R and First-Citizens agreed that the transfer was a mutual mistake and was never intended by the parties. They amended Schedule 4.15B and reassigned the deed of trust to reflect that FDIC-R is the owner of the 403 Note. Despite the clear and undisputed evidence of a mutual mistake in the contract between the FDIC-R and First Citizens, Business Bank asserts that First-Citizens is liable for the claims Business Bank had against CCB under the 403 Note. Business Bank does not cite any legal authority in support of the proposition that it can enforce a mutual mistake in a contract in which it is not a party or an intended beneficiary.

The contract at issue is the P&A Agreement between FDIC-R and First-Citizens. These parties agree that there was a mutual mistake in listing the 403 Note in Schedule 4.15B and in the subsequent allonge and assignment of the deed of trust which were executed as a matter of course. When the mistake was discovered in the spring of 2012, these parties agreed that a

mistake had been made and corrected it by amending the P&A Agreement and assigning the deed of trust back to FDIC-R. The parties agree that their contractual intent in the P&A Agreement was not to transfer the 403 Note.

The "primary aim in contract interpretation is to ascertain and implement the intent of the parties." Federal Deposit Ins. Corp. v. Fisher, 292 P.3d 934, 937 (Colo. 2013). "The usual remedy for mutual mistake or scrivener's error is reformation of the contract." Id. at 939 n.2.[5] The FDIC-R and First-Citizens have clearly stated the intent of the P&A Agreement, that it did not include the 403 Note. Their actions and subsequent correction of the contract supports their stated intent.

First-Citizens has provided undisputed evidence that there was no intent to transfer the 403 Note and that the P&A Agreement has been amended to correct the mutual mistake. "A third party does not have standing to assert the rights or legal interests of others in order to obtain relief from injury to themselves." South Dakota Farm Bureau, Inc. v. Hazeltine, 340 F.3d 583, 591-592 (8th Cir. 2003)(internal quote omitted). Business Bank was not a party to the P&A Agreement. Nor was it an intended beneficiary of the P&A Agreement. As a result, Business

---

[5] The parties do not clearly address the issue of which state's law controls the interpretation of the P&A Agreement. I presume that Colorado law applies and note that Missouri law is in accord with Colorado law. "The cardinal principle for contract interpretation is to ascertain the intention of the parties and to give effect to that intent. In order to determine the intent of the parties, it is often necessary to consider not only the contract between the parties, but 'subsidiary agreements, the relationship of the parties, the subject matter of the contract, the facts and circumstances surrounding the execution of the contract, the practical construction the parties themselves have placed on the contract by their acts and deeds, and other external circumstances that cast light on the intent of the parties.'" Butler v. Mitchell-Hugeback, Inc., 895 S.W.2d 15, 21 (Mo. 1995) (quoting Royal Banks of Missouri v. Fridkin, 819 S.W.2d 359, 362 (Mo. 1991)). Reformation of a contract is the remedy where a mutual mistake has occurred. Thompson v. Koenen, 396 S.W.3d 429, 434 (Mo. Ct. App. 2013).

Bank lacks standing to challenge the correction of the mutual mistake made by FDIC-R and First-Citizens in the P&A Agreement.

Because First-Citizens has produced undisputed evidence that the transfer of the 403 Note was based on a mutual mistake which has since been corrected, I find that First-Citizens did not purchase the 403 Note. As a result, First-Citizens is entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant First-Citizens Bank & Trust Company's motion for summary judgment [#7] is **GRANTED**.

**IT IS FURTHER ORDERED that** Defendant First-Citizens Bank & Trust Company's motion to supplement [#18] is **GRANTED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2013.